UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------X

TERRY REVELLA,

    Plaintiff,

  -against-

MACK-CALI REALTY CORPORATION, and
CHRISTINA DAMIANO, JAMES A. BELL, and
JANICE TORCHINSKY,

    Defendants.

-------------------------------------------------X

**JUDGE KARAS**

**08 CIV. 4286**

**VERIFIED COMPLAINT**

Docket No. CV

Hon. _____, U.S.D.J.

PLAINTIFF DEMANDS A TRIAL
BY JURY

   The Plaintiff, TERRY REVELLA, complaining of the Defendants, by his attorney, GUSTAVO L. VILA, ESQ., of KUCZINSKI, VILA & ASSOCIATES, LLP., respectfully shows to this Court and alleges the following upon information and belief:

## PRELIMINARY STATEMENT

   1. This action is brought for sex discrimination with respect to harassment, hostile work environment, promotion, termination, retaliation, pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. Sections 2000e, et seq., and the New York State Human Rights Law.

   2. Jurisdiction is specifically conferred upon this United States District Court by the aforementioned statutes. Jurisdiction may also be appropriate under 42 U.S.C. Section 1981 a, as amended by the Civil Rights Act of 1991, Publ. L. No. 102-166, and any related claims under New York Law, 42 USC §2000(e), et seq., and the Fifth and Fourteenth Amendments to the United States Constitution. In addition, the supplemental jurisdiction of this Court is invoked over state Court claims.

## VENUE

3.      Venue is properly alleged in the Southern District of New York in that the unlawful actions complained of herein occurred within this District.

## JURY TRIAL DEMAND

4.      Plaintiff hereby demands trial by jury of all issues in this action that are so triable.

## PARTIES

5.      At all times hereinafter mentioned, Plaintiff TERRY REVELLA, is a United States Citizen and, as such, Plaintiff is a member of a protected class as described in 42 U.S.C.A.§1981.

6.      At all times hereinafter mentioned, Plaintiff TERRY REVELLA resides at 128 Binnewater Road, Hopewell Junction, New York 12533, in the County of Dutchess, State of New York.

7.      At all times hereinafter mentioned, Plaintiff TERRY REVELLA was employed by Defendant, MACK-CALI REALTY CORPORATION.

8.      The Defendant, MACK-CALI REALTY CORPORATION is a domestic corporation, duly operating pursuant to the laws of the State of New York.

9.      The Defendant, MACK-CALI REALTY CORPORATION is a foreign corporation, duly authorized to conduct business in the State of New York.

10.    At all times hereinafter mentioned, the Defendant, MACK-CALI REALTY CORPORATION maintains a principal place of business at 343 Thornall Street, Edison, NJ 08837-2206.

11.    The Defendant, CHRISTINA DAMIANO, is and was at all material times the Director of Property Management of the Defendant, MACK-CALI REALTY CORPORATION.

12.    At all times hereinafter mentioned, the Defendant, CHRISTINA DAMIANO, was an employee, agent, supervisor and/or manager of the Defendant MACK-CALI REALTY CORPORATION, with a principal work location at 100 Clearbrook Road, Elmsford, New York, County of Westchester, State of New York.

13.    The Defendant, JAMES A. BELL, is and was at all material times the Vice President, Property Management of the Defendant MACK-CALI REALTY CORPORATION.

14.    At all times hereinafter mentioned, the Defendant JAMES A. BELL, was was an employee, agent, supervisor and/or manager of the Defendant MACK-CALI REALTY CORPORATION, with a principal work location at 100 Clearbrook Road, Elmsford, New York, County of Westchester, State of New York.

15.    The Defendant, JANICE TORCHINSKY, is and was at all material times the Vice President, Human Resources of the Defendant MACK-CALI REALTY CORPORATION.

16.    At all times hereinafter mentioned, the Defendant JANICE TORCHINSKY, was was an employee, agent, supervisor and/or manager of the Defendant MACK-CALI REALTY

3

CORPORATION, with a principal work location at 100 Clearbrook Road, Elmsford, New York, County of Westchester, State of New York.

17.    At all times herein mentioned, Defendant MACK-CALI REALTY CORPORATION, employed fifteen (15) or more persons for each working day in each of twenty (20) or more calendar weeks from January 2, 2007 through May 3, 2007, which is the time period when the acts alleged below took place.

18.    At all times hereinafter mentioned, all parties were employed by Defendant, MACK-CALI REALTY CORPORATION.

19.    At all times hereinafter mentioned, the incidents complained of occurred at several properties of Defendant MACK-CALI REALTY CORPORATION, located at Taxter Corporate Park, 555 Taxter Road and 565 Taxter Road, Elmsford, New York; 570 Taxter Road, Elmsford, New York; Talleyrand Office Park, 200 White Plains Road, Tarrytown, New York, 220 White Plains Road, Tarrytown New York, and 230 White Plains Road Tarrytown, New York; Mid-Westchester Executive Park, 17 Skyline Drive, Hawthorne, New York; Cross Westchester Executive Park, 100 Clearbrook Road, Elmsford, New York; and 50 Main Street, White Plains, New York.    All properties listed are located in the County of Westchester, State of New York.

## PENDENT STATE CLAIM

20.    Plaintiff has filed a timely charge of discrimination with the Equal Employment Opportunity Commission and has met all administrative prerequisites before bringing this action.

21.     On or about May 2007, Plaintiff, TERRY REVELLA, filed a Complaint with the Equal Employment Opportunity Commission (hereinafter "EEOC"), stating the nature of Plaintiff's claims, the nature of the claim and the date(s) of, time when, place where and the manner in which the claims arose.

22.     On or about February 7, 2008, The Equal Employment Opportunity Commission issued a Right To Sue letter. A copy of this Right to Sue Letter is Annexed hereto as Exhibit A.

23.     This action is being brought within ninety (90) days after the issuance of the Right To Sue letter.

24.     The discriminatory conduct of which Plaintiff complains in this action includes sex discrimination with respect to harassment; retaliation against Plaintiff for having provided a written account and memorandum to a senior officer of the Defendant MACK-CALI REALTY CORPORATION, alleging said misconduct and sexual harassment by the Defendant, CHRISTINA DAMIANO; and hostile work environment.

25.     Upon information and belief, Plaintiff's recollection of the alleged discriminatory acts occurred from approximately January 2, 2007 through and including his termination on May 3, 2007.

26.     Plaintiff believes that Defendants are still committing these acts against him.

27.     Defendants discriminated against Plaintiff based solely upon allegations of sexual impropriety made against him and in retaliation for his alleged report and memorandum to a manager

of the Defendant, MACK-CALI REALTY CORPORATION, regarding improper conduct and sex discrimination with regard to harassment.

## STATEMENT OF THE FACTS

28.    Plaintiff was hired by the Defendant MACK-CALI REALTY CORPORATION, on January 2, 2007, as the Building Manager and served continuously in his role until his termination on May 3, 2007.  Plaintiff's service with MACK-CALI REALTY CORPORATION during his employment was at all times satisfactory.

29.    That the Plaintiff was hired by the Defendant MACK-CALI REALTY CORPORATION, not only as building manager, but specifically also to redefine and improve security measures for the Defendant MACK-CALI REALTY CORPORATION.

30.    At all times hereinafter mentioned, from January 2, 2007 to April 17, 2007, Plaintiff's principal place of employment was at Taxter Corporate Park,  555 Taxter Road and 565 Taxter Road, Elmsford, New York; and 570 Taxter Road, Elmsford, New York, in the County of Westchester, State of New York, where the Plaintiff was the Building Manager in charge of redefining and improving security measures for Defendant MACK-CALI REALTY CORPORATION.

31.    That at all relevant times herein mentioned, the incidents complained of took place at several properties of Defendant MACK-CALI REALTY CORPORATION, located at Taxter Corporate Park, 555 Taxter Road and 565 Taxter Road, Elmsford, New York; 570 Taxter Road,

Elmsford, New York; Talleyrand Office Park, 200 White Plains Road, Tarrytown, New York, 220 White Plains Road, Tarrytown New York, and 230 White Plains Road Tarrytown, New York; Mid-Westchester Executive Park, 17 Skyline Drive, Hawthorne, New York; Cross Westchester Executive Park, 100 Clearbrook Road, Elmsford, New York; and 50 Main Street, White Plains, New York. All properties listed are located in the County of Westchester, State of New York.

32.     That beginning on or about January 28, 2007, Plaintiff experienced sexual harassment from Defendant CHRISTINA DAMIANO..

33.     That said sexual harassment by Defendant CHRISTINA DAMIANO continued up to and including April 17, 2007, when Plaintiff was transferred to 17 Skyline Drive, Hawthorne, New York.

34.     That on or about January 28, 2007, Defendant CHRISTINA DAMIANO made an improper sexual comment to the  Plaintiff, more specifically, that Defendant CHRISTINA DAMIANO commented on Plaintiff's upcoming trip to Aruba and said that [she] 'wish[ed] [she] could go, too'.

35.     That on or about January 30, 2007, Plaintiff attended a meeting iwth the Defendant CHRISTINA DAMIANO, who made another improper sexual comment to the Plaintiff. More specifically, Defendant, CHRISTINA DAMIANO stated that she did not do her makeup or hair that day. Defendant, CHRISTINA DAMIANO also stated that she felt that she was too skinny and had to keep rocks in her pockets to keep from blowing away.

36.      That on or about January 30, 2007, Defendant, CHRISTINA DAMIANO, called the Plaintiff on his cellular telephone later in the evening and had a personal conversation with Plaintiff about her family issues.

37.      That on or about February 8, 2007, Plaintiff attended another meeting with Defendant, CHRISTINA DAMIANO, who made yet another improper sexual comment to the Plaintiff, asking Plaintiff whether he came over "to see [her], or to look at the girls passing by."

38.      That on or about February 8, 2007, Defendant, CHRISTINA DAMIANO, again stated to the Plaintiff that her hair and makeup were not done that day.

39.      That on or about February 9, 2007, Plaintiff attended a meeting with regard to security assessments with the Defendant, CHRISTINA DAMIANO along with Enza Giglio and George Muno, other employees of the Defendant, MACK-CALI REALTY CORPORATION. That at this meeting Enza Giglio said aloud that she did "not like 'cops'."

40.      That George Muno, an employee of the Defendant, MACK-CALI REALTY CORPORATION was present when Ms. Giglio made her statement.

41.      That on or about February 13, 2008, the Plaintiff attended another meeting with the Defendant, CHRISTINA DAMIANO , at 100 Clearbrook Road, Elmsford, New York. That at this meeting the Defendant, CHRISTINA DAMIANO, again stated to Plaintiff that she "would love to go [to Aruba] too".

42.    That on or about February 16, 2007, Plaintiff attended another meeting called by the Defendant, CHRISTINA DAMIANO, at 100 Clearbrook Road, Elmsford, New York, whereupon the Defendant, CHRISTINA DAMIANO, was very upset and said that she was "overwhelmed" and the Plaintiff left her office.

43.    That on or about February 16, 2007, after Plaintiff had left Defendant, CHRISTINA DAMIANO's office, Defendant telephoned Plaintiff to apologize for her behavior and said to Plaintiff, "I like you; you are doing a great job."

44.    That on or about February 23, 2007, Plaintiff attended another meeting scheduled by Defendant, CHRISTINA DAMIANO.  Plaintiff mentioned to Defendant that he would be going on a trip to St. Louis to discuss '9-11' issues and Defendant said to Plaintiff that she "wish[ed] she were going with" him.

45.    That on or about March 7, 2007, Plaintiff attended a scheduled meeting with the Defendant CHRISTINA DAMIANO and US Security, a vendor to the Defendant, MACK-CALI REALTY CORPORATION. Defendant, CHRISTINA DAMIANO, said to the Plaintiff that she was upset because some of her 'good friends' were being terminated from the company without her knowledge.  Defendant blamed the Plaintiff for her friends' job losses because Plaintiff was "in charge" of redefining and improving security measures for Defendant MACK-CALI REALTY CORPORATION.

46.    That on or about March 13, 2007, the Plaintiff attended another scheduled meeting with Defendant CHRISTINA DAMIANO to discuss eliminating truck checks. The Defendant became angry with the Plaintiff during this discussion and Plaintiff left.

47.    That on or about March 13, 2007, Defendant CHRISTINA DAMIANO, telephoned the Plaintiff after the argument and asked him to come back.

48.    That on or about March 13, 2007, Plaintiff telephoned Defendant JAMES A. BELL to discuss the incident with Defendant CHRISTINA DAMIANO. The Defendant JAMES A. BELL, told Plaintiff not to worry about it.

49.    That on or about March 14, 2007, Plaintiff attended another scheduled meeting with Defendant, CHRISTINA DAMIANO, wherein the Defendant apologized to the Plaintiff for her outburst on the previous day.

50.    That on or about March 16, 2007, Plaintiff attended another scheduled meeting with Defendant CHRISTINA DAMIANO and Enza Giglio, where the Defendant discussed with the Plaintiff what he "could and could not say in front of Enza".

51.    Also on March 16, 2007, Defendant CHRISTINA DAMIANO again mentioned the Plaintiff's trip to Aruba and Plaintiff again said to the Defendant that he was going to Aruba with his wife.

52.    Also on March 16, 2007, Defendant CHRISTINA DAMIANO said to the Plaintiff that she was going home to "have a couple of bottles of wine."

10

Defendant CHRISTINA DAMIANO and Defendant's highly inappropriate behavior and statements of a sexual nature to the Plaintiff.

58.    Upon hearing about the alleged inappropriate conduct on the part of the Defendant CHRISTINA DAMIANO, Defendant, JANICE TORCHINSKY told Plaintiff to, "Think about where [he] wanted to be and what [he] was doing." Plaintiff then advised Defendant, JANICE TORCHINSKY that he had prepared and submitted a memorandum to Anthony Ivey, an officer of Defendant MACK-CALI REALTY CORPORATION, regarding the incident on March 23rd between himself and the Defendant CHRISTINA DAMIANO. Plaintiff also provided Defendant JANICE TORCHINSKY with a copy of the memorandum. Upon receiving the memorandum from the Plaintiff, JANICE TORCHINSKY said that she "knew all about [him] already."

59.    That on or about April 4, 2007, Plaintiff received a telephone call from the Colonel Dan Weiss from The Inspector General's office regarding complaints being made against the Plaintiff by a female employee, which were relayed to Colonel Weiss by another employee of Defendant, MACK-CALI REALTY CORPORATION.

60.    That on April 14th after Plaintiff's telephone conversation with Colonel Weiss, Colonel Weiss told the Plaintiff that he "would take care of everything."

61.    That on or about April 17, 2007, Plaintiff was again approached by Defendants JAMES A. BELL and JANICE TORCHINSKY and was advised that he was being transferred to 17 Skyline Drive, Hawthorne, New York. The Defendants told Plaintiff that "in light of what had occurred" it was best if Plaintiff did not work in the area managed by the Defendant CHRISTINA

12

DAMIANO.

62.    On April 17th Defenant JANICE TORCHINSKY also questioned Plaintiff about his pistol permit and told Plaintiff that there were to be "no firearms carried for any reason at any time."

63.    That May 3, 2007, Defendant JANICE TORCHINSKY told the Plaintiff that she and Defendant JAMES A. BELL had "made [their] decision", and that Plaintiff could resign or be fired. Plaintiff said that he would not resign.  Defendant JANICE TORCHINSKY then asked Plaintiff for his keys and his telephone and Plaintiff was escorted from the property by two armed retired police officers.

64.    That the Defendants MACK-CALI REALTY CORP., JAMES A. BELL and JANICE TORCHINSKY failed to adequately or appropriately respond to Plaintiff's notifications of sexual harassment by Defendant CHRISTINA DAMIANO.

65.    That at all times relevant hereto, the Defendant MACK-CALI REALTY violated the Plaintiff's rights, encouraged and tolerated the policies and practices described in the foregoing paragraphs herein.

66.    That the conduct of Defendants CHRISTINA DAMIANO, JAMES A. BELL and JANICE TORCHINSKY was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

67.    The Plaintiff also charges the above-named Defendants with violating Title VII of the

13

<u>Plaintiff'S VERIFICATION</u>

STATE OF NEW YORK            )

                             )ss:

COUNTY OF WESTCHESTER        )

      TERRY REVELLA, being duly sworn, says:

      I am a Plaintiff in the action herein: I have read the annexed COMPLAINT and know

the contents thereof, and the same are true to my knowledge, except those matters therein

which are stated to be alleged upon information and belief, and as to those matters I believe

them to be true. My belief as to those matters therein not stated upon knowledge, is based

upon facts, records, and other pertinent information contained in my personal files.

DATED:     April 28, 2008
              Tarrytown, NY

                                  TERRY REVELLA

Sworn to before me this
28 day of April, 2008

      Notary Public

                        GL____ ___ ADIA
                        Notary ____ ___ New York
                        ___ ___ A43
                        Qu____ ____ ___ County
                        Commission ___ ___ July 8, 2010

22