**MANDELBAUM, SALSBURG, GOLD,
LAZRIS & DISCENZA, PC**
155 Prospect Avenue
West Orange, New Jersey  07052
(973) 736-4600
Attorneys for Defendants

**KISSEL, PESCE, HIRSCH & WILMER, LLP**
580 White Plains Rd.
Tarrytown, NY 10591
(914) 750-5933
Attorneys for Defendants

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

_____

| | | |
|---|---|---|
| TERRY REVELLA, | : | Civil Action No. 08 CIV. 4286 (KMK) |
| Plaintiff, | : | |
| vs. | : | |
| MACK-CALI REALTY CORPORATION, and CHRISTINA DAMIANO, JAMES A. BELL, and JANICE TORCHINSKY, | : : | **ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES_____** |
| Defendants. | : | |

_____:

        Defendants, Mack-Cali Realty Corporation, Christina Damiano, James A. Bell, and Janice Torchinsky (collectively, "Defendants"), by their attorneys, William H. Healey, Esq. of Mandelbaum, Salsburg, Gold, Lazris & Discenza, PC, and Frederick J. Wilmer, Esq. of Kissel, Pesce, Hirsch & Wilmer, LLP, respectfully alleges and states as follows:

**PRELIMINARY STATEMENT**

1.      The allegations set forth in paragraph 1 of the Complaint state a legal conclusion to which no response is required. Defendants leave Plaintiff to his proofs.

2.      The allegations set forth in paragraph 2 of the Complaint state a legal conclusion to which no response is required. Defendants leave Plaintiff to his proofs.

## VENUE

3.      The allegations set forth in paragraph 3 of the Complaint state a legal conclusion to which no response is required, except Defendants deny that any "unlawful actions" occurred. Defendants leave Plaintiff to his proofs.

## JURY TRIAL DEMAND

4.      The allegations set forth in paragraph 4 of the Complaint state a legal conclusion to which no response is required.

## PARTIES

5.      The allegations set forth in paragraph 5 of the Complaint state a legal conclusion to which no response is required.  Defendants leave Plaintiff to his proofs.

6.      Defendants lack knowledge and/or information sufficient to admit or deny the allegations contained in paragraph 6 of the Complaint.

7.      Defendants admit the allegations set forth in paragraph 7 of the Complaint.

8.      Defendants deny the allegations set forth in paragraph 8 of the Complaint, except Defendants admit Defendant Mack-Cali Realty Corporation operates pursuant to the laws of the State of New York.

9.      Defendants admit the allegations set forth in paragraph 9 of the Complaint.

10.      Defendants admit the allegations set forth in paragraph 10 of the Complaint.

11.      Defendants admit the allegations set forth in paragraph 11 of the Complaint.

12.      Defendants admit the allegations set forth in paragraph 12 of the Complaint.

13.      Defendants admit the allegations set forth in paragraph 13 of the Complaint.

14.      Defendants admit the allegations set forth in paragraph 14 of the Complaint.

15.     Defendants admit the allegations set forth in paragraph 15 of the Complaint.

16.     Defendants admit the allegations set forth in paragraph 16 of the Complaint, except Defendants deny that Defendant Torchinsky's principal work location is Elmsford, New York.

17.     Defendants admit the allegations set forth in paragraph 17 of the Complaint, except Defendants deny that the "acts alleged" took place.

18.     Defendants admit the allegations set forth in paragraph 18 of the Complaint.

19.     Defendants deny the allegations set forth in paragraph 19 of the Complaint, except Defendant admits that said properties are located in Westchester County, New York.

<u>**PENDANT STATE CLAIM**</u>

20.     The allegations set forth in paragraph 20 of the Complaint state a legal conclusion to which no response is required, except Defendants deny that Plaintiff has met all "administrative prerequisites before bringing this action." Defendants leave Plaintiff to his proofs.

21.     Defendants lack knowledge and/or information sufficient to admit or deny the allegations contained in paragraph 21 of the Complaint; except Defendants admit that Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). Defendants leave Plaintiff to his proofs.

22.     Defendants lack knowledge and/or information sufficient to admit or deny the allegations contained in paragraph 22 of the Complaint; except Defendants admit that the EEOC issued a right-to-sue letter. Defendants leave Plaintiff to his proofs.

23.     Defendants lack knowledge and/or information sufficient to admit or deny the allegations contained in paragraph 23 of the Complaint, except Defendant admit that this action was filed on May 6, 2008. Defendants leave Plaintiff to his proofs.

24.     Defendants lack knowledge and/or information sufficient to admit or deny the allegations contained in paragraph 24 of the Complaint, except Defendants deny any "discriminatory conduct." Defendants leave Plaintiff to his proofs.

25.     Defendants lack knowledge and/or information sufficient to admit or deny the allegations contained in paragraph 25 of the Complaint. Defendants leave Plaintiff to his proofs.

26.     Defendants lack knowledge and/or information sufficient to admit or deny the allegations contained in paragraph 26 of the Complaint, except Defendants deny that Defendants previously committed, and are still committing "these acts" against Plaintiff. Defendants leave Plaintiff to his proofs.

27.     Defendants deny the allegations set forth in paragraph 27 of the Complaint.

## STATEMENT OF FACTS

28.     Defendants admit the allegations set forth in paragraph 28 of the Complaint, except Defendants deny that Plaintiff's "service" was "at all times satisfactory."

29.     Defendants deny the allegations set forth in paragraph 29 of the Complaint.

30.     Defendants admit the allegations set forth in paragraph 30 of the Complaint, except Defendants deny that Plaintiff was "in charge of redefining and improving security measures."

31.     Defendants deny the allegations set forth in paragraph 31 of the Complaint, except Defendants admit that said properties are located in Westchester County, New York

32.     Defendants deny the allegations set forth in paragraph 32 of the Complaint.

33.     Defendants deny the allegations set forth in paragraph 33 of the Complaint.

34.     Defendants deny the allegations set forth in paragraph 34 of the Complaint.

35.     Defendants deny the allegations set forth in paragraph 35 of the Complaint.

36.     Defendants deny the allegations set forth in paragraph 36 of the Complaint.

37.     Defendants deny the allegations set forth in paragraph 37 of the Complaint.

38.     Defendants deny the allegations set forth in paragraph 38 of the Complaint.

39.     Defendants deny the allegations set forth in paragraph 39 of the Complaint.

40.     Defendants deny the allegations set forth in paragraph 40 of the Complaint.

41.     Defendants deny the allegations set forth in paragraph 41 of the Complaint.

42.     Defendants deny the allegations set forth in paragraph 42 of the Complaint.

43.     Defendants deny the allegations set forth in paragraph 43 of the Complaint.

44.     Defendants deny the allegations set forth in paragraph 44 of the Complaint.

45.     Defendants deny the allegations set forth in paragraph 45 of the Complaint.

46.     Defendants deny the allegations set forth in paragraph 46 of the Complaint.

47.     Defendants deny the allegations set forth in paragraph 47 of the Complaint.

48.     Defendants deny the allegations set forth in paragraph 48 of the Complaint.

49.     Defendants deny the allegations set forth in paragraph 49 of the Complaint.

50.     Defendants deny the allegations set forth in paragraph 50 of the Complaint.

51.     Defendants deny the allegations set forth in paragraph 51 of the Complaint.

52.     Defendants deny the allegations set forth in paragraph 52 of the Complaint.

53.     Defendants deny the allegations set forth in paragraph 53 of the Complaint.

54.     Defendants deny the allegations set forth in paragraph 54 of the Complaint, except Defendants admit that Defendant Damiano admonished Plaintiff for referring to George Muno as an "asshole".

55.     Defendants deny the allegations set forth in paragraph 55 of the Complaint, except Defendants admit that Defendant Damiano complained about Plaintiff.

56.     Defendants deny the allegations set forth in paragraph 56 of the Complaint, except Defendants admit that Plaintiff met with Defendants Bell and Torchinsky on April 3, 2007.

57.    Defendants deny the allegations set forth in paragraph 57 of the Complaint, except Defendants admit that Defendant Torchinsky advised Plaintiff that he had upset some employees with his outbursts and that some employees were fearful of him.

58.    Defendants deny the allegations set forth in paragraph 58 of the Complaint.

59.    Defendants lack knowledge and/or information sufficient to admit or deny the allegations contained in paragraph 59 of the Complaint.

60.    Defendants lack knowledge and/or information sufficient to admit or deny the allegations contained in paragraph 60 of the Complaint.

61.    Defendants admit the allegations set forth in paragraph 61 of the Complaint.

62.    Defendants admit the allegations set forth in paragraph 62 of the Complaint, except Defendants deny that Defendant Torchinsky "questioned" Plaintiff about "his pistol permit."

63.    Defendants admit the allegations set forth in paragraph 63 of the Complaint.

64.    Defendants deny the allegations set forth in paragraph 64 of the Complaint.

65.    Defendants deny the allegations set forth in paragraph 65 of the Complaint.

66.    Defendants deny the allegations set forth in paragraph 66 of the Complaint.

67.    Defendants deny the allegations set forth in paragraph 67 of the Complaint.

68.    Defendants deny the allegations set forth in paragraph 68 of the Complaint.

69.    Defendants deny the allegations set forth in paragraph 69 of the Complaint.

70.    Defendants deny the allegations set forth in paragraph 70 of the Complaint.

71.    Defendants admit the allegations set forth in paragraph 71 of the Complaint.

72.    Defendants deny the allegations set forth in paragraph 72 of the Complaint.

## FIRST COUNT

73.    Defendants repeat and reallege their responses to paragraphs 1-72 of the Complaint as if set forth more fully herein.

74.    The allegations set forth in paragraph 74 of the Complaint state a legal conclusion to which no response is required. Defendants leave Plaintiff to his proofs.

75.    Defendants deny the allegations set forth in paragraph 75 of the Complaint.

76.    Defendants deny the allegations set forth in paragraph 76 of the Complaint.

77.    Defendants deny the allegations set forth in paragraph 77 of the Complaint.

78.    Defendants deny the allegations set forth in paragraph 78 of the Complaint.

79.    Defendants deny the allegations set forth in paragraph 79 of the Complaint.

80.    Defendants deny the allegations set forth in paragraph 80 of the Complaint.

81.    Defendants deny the allegations set forth in paragraph 81 of the Complaint.

## SECOND COUNT

82.    Defendants repeat and reallege their responses to paragraphs 1-81 of the Complaint as if set forth more fully herein.

83.    Defendants deny the allegations set forth in paragraph 83 of the Complaint.

84.    Defendants deny the allegations set forth in paragraph 84 of the Complaint.

85.    Defendants deny the allegations set forth in paragraph 85 of the Complaint.

86.    Defendants deny the allegations set forth in paragraph 86 of the Complaint.

87.    Defendants deny the allegations set forth in paragraph 87 of the Complaint.

88.    Defendants deny the allegations set forth in paragraph 88 of the Complaint.

89.    Defendants deny the allegations set forth in paragraph 89 of the Complaint

90.    Defendants deny the allegations set forth in paragraph 90 of the Complaint.

91.    Defendants deny the allegations set forth in paragraph 91 of the Complaint.

92.    Defendants deny the allegations set forth in paragraph 92 of the Complaint.

## THIRD COUNT

92.    Defendants repeat and reallege their responses to paragraphs 1-92 of the Complaint as if set forth more fully herein.

93.    The allegations set forth in paragraph 93 of the Complaint state a legal conclusion to which no response is required.  Defendants leave Plaintiff to his proofs.

94.    Defendants deny the allegations set forth in paragraph 94 of the Complaint.

95.    Defendants deny the allegations set forth in paragraph 95 of the Complaint.

96.    Defendants deny the allegations set forth in paragraph 96 of the Complaint.

97.    Defendants deny the allegations set forth in paragraph 97 of the Complaint.

98.    Defendants deny the allegations set forth in paragraph 98 of the Complaint.


WHEREFORE, Defendants deny that they are liable to Plaintiff for any sum of money whatsoever, and request that the Court dismiss the Complaint in its entirety and with prejudice, and award Defendants their costs, attorneys' fees, and such other and further relief as it deems just and proper.

## SEPARATE/AFFIRMATIVE DEFENSES

Having answered the Complaint, Defendants assert the following separate and affirmatives defenses:

1.    The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2.    Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

3.      Plaintiff's claims are barred, in whole or in part, because he has not exhausted his administrative remedies.

4.      Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of waiver, estoppel, acquiescence, laches and/or unclean hands.

5.      Plaintiff's claims are barred, in whole or part, and/or his recovery of damages should be reduced, because of his failure to take reasonable steps to avoid or mitigate his alleged damages; alternatively, any claim for relief must be set off and/or reduced by any wages, compensation, pay and benefits, or other earnings, renumerations, profits and benefits received by Plaintiff.

6.      Any and all damages allegedly sustained by Plaintiff, if any, were proximately caused by and were the sole responsibility of, third parties over whom Defendants exercised no control or authority.

7.      The proximate cause of Plaintiff's alleged injuries, if any, was Plaintiff's own conduct and not that of Defendants.

8.      Defendants did not engage in any unlawful practice or act.

9.      Defendants had legitimate non-discriminatory reasons for its business decisions as to Plaintiff, including the termination of his employment.  Even if impermissible factors were considered, which Defendants deny were in any way a factor in any decisions, the decisions with respect to Plaintiff would have been made even in the absence of such consideration.

10.      Plaintiff's claims are barred, in whole or in part, by the doctrine of after-acquired evidence.

11.      At all times, Defendants' actions were in accord with all applicable law, rules and regulations.

12.      Plaintiff is not entitled to compensatory, liquidated and/or punitive damages.

13.     All decisions made by Defendants with respect to Plaintiff (if any), and all actions taken with respect to Plaintiff (if any), were made in good faith and were based on legitimate and reasonable business-related factors.

14.     Insofar as the Complaint seeks damages against Defendants, it must be dismissed in that Plaintiff has sustained no damage.

15.     The Complaint fails, in whole or in part, to state a claim upon which an award of attorneys' fees and/or punitive damages can be granted.

16.     Defendants did not aid or abet any discrimination against Plaintiff.

17.     Defendants did not violate Title VII of the Civil Rights Act of 1964.

18.     Defendants did not violate the New York State Human Rights Law.

19.     Defendants are not liable to Plaintiff for discrimination because Defendants exercised reasonable care to prevent such behavior and Plaintiff unreasonably failed to take advantage of the preventive and corrective opportunities provided by Defendants.

20.     While denying any of the acts complained of by Plaintiff, Defendants assert that the alleged conduct was not severe or pervasive.

21.     While denying the acts complained of by Plaintiff, Defendants assert that Plaintiff has failed to demonstrate a pattern of alleged harassment, discrimination or improper conduct of any kind.

22.     The alleged acts or omissions of Defendants were not the proximate cause of any injuries or damages allegedly incurred by Plaintiff.

23.     Plaintiff has filed claims against Defendants that are not well-grounded in fact and law and, thus, were filed in bad faith.  Defendants will seek any and all available remedies against Plaintiff and/or Plaintiff's counsel pursuant to the Rule 11 of the Federal Rules of Civil Procedure.

Defendants may amend their Answer to include additional separate and affirmative defenses upon the completion of discovery.

### REQUEST FOR RELIEF

Having fully answered the Complaint, Defendants request the following relief:

1.    That the Complaint be dismissed with prejudice and in its entirety.

2.    That Defendants recover their costs, including attorneys' fees, incurred in defending the Complaint to the maximum extent permitted by law.

3.    For such other and further relief as the Court may deem just and equitable.


**MANDELBAUM, SALSBURG, GOLD, LAZRIS & DISCENZA, PC**
Attorneys for Defendants


By:   _/s/ William H. Healey_____
          WILLIAM H. HEALEY

DATED:  June 4, 2008


**KISSEL, PESCE, HIRSCH & WILMER, LLP**
Attorneys for Defendants


By:   __/s/ Frederick J. Wilmer_____
          FREDERICK J. WILMER

DATED:  June 4, 2008


286634

11

## CERTIFICATE OF SERVICE

On June 3, 2008, I caused to be served upon counsel of record, at the address stated

below, via Electronic filing, a true and correct copy of the following document:

Answer to Complaint and Affirmative Defenses.

Gustavo L. Vila, Esq.
Kuczinski Vila & Associates, LLP
220 White Plains Road, 2nd Floor
Tarrytown, New York 10591

I certify under penalty of perjury that the foregoing is true and correct.

**MANDELBAUM, SALSBURG, GOLD,
LAZRIS & DISCENZA, PC**
Attorneys for Defendants

By:    /s/ William H. Healey
WILLIAM H. HEALEY

DATED:  June 4, 2008